COREY O'CONNOR
MAYOR

LISA ZEIDNER MARCUS
CITY SOLICITOR

# CITY OF PITTSBURGH
# DEPARTMENT OF LAW
## CITY-COUNTY BUILDING

**Direct Dial**
(412) 255-2032
julie.koren@pittsburghpa.gov

**JULIE E. KOREN**
**Associate City Solicitor**

May 15, 2026

Patricia S. Dodszuweit
United States Court of Appeals for the Third Circuit
Office of the Clerk
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:** **No. 25-2592, *Michael Nahas v. City of Pittsburgh, et al.***
**(W.D. Pa. No. 2:24-cv-01252)**

Dear Ms. Dodszuweit:

Please accept this correspondence as Appellees' response to the Court's May 1, 2026 Order at ECF No. 36.

The state-created-danger doctrine in this Circuit has expanded beyond the Constitution's text and beyond what our Nation's history and tradition support. This Circuit's doctrine does not align with the Supreme Court's test for recognizing substantive-due-process liberty interests because the doctrine conflicts with the negative liberties interpretation of the Constitution and the Fourteenth Amendment, and is not

grounded in the substantive-due-process framework set out in *Washington v. Glucksberg*, 521 U.S. 702, 755–56 (1997).

This Circuit first endorsed the "'state-created danger' theory" in 1996 in *Kneipp v. Tedder*, adopting it as "a viable mechanism for establishing a constitutional violation under 42 U.S.C. § 1983." 95 F.3d 1199, 1201 (3d Cir. 1996). The "state-created danger" theory allows an individual to establish a Fourteenth Amendment substantive due process right based on a "liberty interest in personal security" under the theory that police officers "increased the risk of harm" to the individual. *Id.* However, this doctrine is no longer viable following more recent Supreme Court decisions that have clarified the test for unenumerated Fourteenth Amendment rights and substantive-due-process liberty interests.

The Fourteenth Amendment Due Process Clause states: "No State shall . . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. It "provides substantive, as well as procedural, protection for 'liberty[.]'" *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 237 (2022). However, recognition of the Amendment's substantive protections "has long been controversial." *Id*. Liberty interests not expressly enumerated in the Constitution are referred to as "unenumerated rights." *Glucksberg*, 521 U.S. at 755–56 (Sounter, J., concurring). The state-created-danger doctrine involves such unenumerated rights.

The three Supreme Court cases cited by this Court's May 1, 2026, Order,[1] clarify the process to identify substantive-due-process liberty interests including those implicated under this Circuit's state-created-danger doctrine. In *Washington v. Glucksberg,* the Court indicated that its substantive-due-process framework "has two primary features." 521 U.S. at 703. First, "the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty[.]" *Id.* at 720–21 (internal citations omitted). Second, the test requires "'careful description' of the asserted fundamental liberty interest." *Glucksberg*, 521 U.S. at 721 (quoting *Reno v. Flores,* 507 U.S. 292, 302 (1993)). In *Dobbs* and *Dep't of State v. Munoz*, 602 U.S. 899 (2024), the Supreme Court confirmed that when considering "whether [a] right is 'deeply rooted in our history and tradition' and whether [the right] is essential to our Nation's 'scheme of ordered liberty[,]'" courts must engage in "a careful analysis of the history of the right at issue." *Dobbs*, 597 U.S. at 237 (brackets removed).

First, the court must carefully define the right. If "[t]he Constitution makes no express reference to a right . . . those who claim that it protects such a right must show that the right is somehow implicit in the constitutional text." *Dobbs*, 597 U.S. at 235. To find such a right a court must first "insist[ ] on a 'careful description of the asserted fundamental

---

[1] The Court requested that "parties submit separate letters not to exceed 1500 words by May 15, 2026, addressing the following question: does the state-created-danger doctrine as adopted in this Circuit comport with the test for substantive-due-process liberty interests articulated in *Washington v. Glucksberg*, 521 U.S. 702 (1997), *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), and *Department of State v. Munoz*, 602 U.S. 899 (2024)." ECF No. 36.

liberty interest.'" *Munoz*, 602 U.S. at 910 (quoting *Glucksberg*, 521 U. S., at 720). In this Circuit, the overall theory of what liberty interest is implicated under the "state-created danger" doctrine has varied widely depending on the facts of any given case. For example, this Circuit has held that there is a substantive-due-process liberty right to be free from a police officer sending someone "home unescorted in a visibly intoxicated state in cold weather." *Kneipp*, 95 F.3d at 1209. In another case, this court found the right to "not to be injured or killed as a result of a police officer's reckless pursuit of an individual suspected of a summary traffic offense when there is no pending emergency and when the suspect is not actively fleeing the police" *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018). More generally, this Circuit has found the right to be free from police officers acting with "conscious shocking" actions, depending "upon the circumstances of a particular case." *Est. of Smith v. Marasco*, 430 F.3d 140, 153 (3d Cir. 2005).

In this instant case, both parties and the District Court struggled to "pin down the nature of the right" at issue. *See Munoz*, 602 U.S. at 910. On appeal, Appellant claims the right for a friend to not be arrested because the friend may or may not have been able to help an intoxicated person from walking into heavy traffic. *See* Appellant Br. at 20. The District Court determined that the right at issue was to be free of being left "alone and intoxicated in the middle of the night in a busy intersection." JA10. Here, the indefinability of a particular "state-created-danger" right strongly suggests that there is no cognizable substantive-due-process liberty interest. Regardless, this Court "need not decide whether such a category exists," because the right to be free from state-created danger as described

in Third Circuit precedent is not 'deeply rooted in this Nation's history and tradition.'" *Munoz*, 602 U.S. at 911.

The idea that officers must do more whenever they encounter a vulnerable person may seem appealing, but it is not supported by the Constitution or this Nation's history and tradition. "Since well before 1787, liberty has been understood as freedom from government action, not entitlement to government benefits. The Framers created our Constitution to preserve that understanding of liberty." *Obergefell v. Hodges,* 576 U.S. 644, 721 (2015) (Thomas, J., dissenting). The substantive due process clause itself "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

The negative rights interpretation of the Fourteenth Amendment was reinforced by the Court in *DeShaney*, which held that "[c]onsistent with these principles [of negative liberties], our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, *even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual*." *Id*. at 196 (citation omitted). *DeShaney* weighs against liberal expansion of the Fourteenth Amendment and indicates that "[t]he Framers were content to leave the extent of governmental obligation" to "democratic political processes." *Id*.

Despite this holding, a small piece of dicta in *DeShaney* gave rise to the state-created-danger doctrine and its progeny. *Bright*, 443 F.3d at 281. Shortly after

*DeShaney*, courts started to permit varying state-created danger claims under the theory that a constitutional injury "may occur when the state acts in a way that makes a person substantially more vulnerable to injury from another source than he or she would have been in the absence of the state intervention." *Schieber v. City of Philadelphia*, 320 F.3d 409, 416 (3d Cir. 2003); *See also Sanford v. Stiles*, 456 F.3d 298, 304 (3d Cir. 2006); *but see Fisher v. Moore*, 73 F.4th 367, 375 (5th Cir. 2023).

In *Kniepp*, this Circuit determined that a certain set of facts, rather than a carefully described right, "trigger[ed] the application of the state-created danger theory." *Kniepp*, 95 F.3d at 1205. The "undeniably tragic" facts of *Kniepp* appear to have prompted this Circuit to adopt a state-created-danger theory untethered from the Constitution's textual and historical limits. *See DeShaney*, 489 U.S. at 191.

Examination of the text of the Constitution and now the history of the state-created danger doctrine demonstrates that there is little support for this doctrine as is currently stands. Heartbreaking facts like the ones in this case have understandably led courts and litigants to seek accountability from the nearest state actor, despite the fact that the Constitution imposes no such duty. *See DeShaney*, 489 U.S. at 202–03 ("Judges and lawyers, like other humans, are moved by natural sympathy in a case like this to find . . . adequate compensation for the grievous harm inflicted upon them. But before yielding to that impulse, it is well to remember once again that the harm was inflicted not by" a state's failure to act but by a third party). This dynamic has pushed the doctrine in this Circuit beyond the limits of the Constitution. Here, the Court should use this appeal to narrow or

eliminate the doctrine to comport with the test for substantive-due-process liberty interests articulated by the Supreme Court.

Respectfully submitted,

LISA ZEIDNER MARCUS
City Solicitor

s/ *Julie E. Koren, Esq.*
JULIE E. KOREN, ESQ.
PA ID No. 309642
Associate City Solicitor
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2032
Julie.Koren@Pittsburghpa.gov
*Counsel for Appellees Officers Norman, Shields, and Sokolowski*
