

## COLIANNI & LEONARD

LAW OFFICES

VINCENT COLIANNI II
Admitted in PA, CA & USVI

MARINA LEONARD
Admitted in IL, PA & USVI

May 15, 2026

Third Circuit Court of Appeals
Appellate Panel
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

> **RE:** **Michael Nahas v. City of Pittsburgh, et al**
> **Case Number: 25-2592**
> **Oral Argument Scheduled: May 28, 2026**

Dear Appellate Panel:

The Court had asked the parties to address whether its formulation of the state-created danger doctrine comports with the Supreme Court's test for recognizing substantive due process liberty interests as articulated in *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267–68, 138 L. Ed.2d 772 (1997), *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 231, 142 S. Ct. 2228, 2242, 213 L. Ed.2d 545 (2022), and *Department of State v. Munoz*, 602 U.S. 899, 903, 144 S. Ct. 1812, 1817–18, 219 L. Ed. 2d 507 (2024). That test requires that liberty interests protected by the due process clause be "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty." *Dobbs,* 597 U.S. at 231 (quoting *Washington v. Glucksberg*, 521 U.S. at 721).

The Third Circuit's state-created danger doctrine meets this test to the extent that it requires an affirmative act by the state that restrains an individual's freedom to protect herself from harm. *See Mears v. Connelly*, 24 F.4th 880, 884 (3d Cir. 2022). Without a deprivation of liberty requirement, however, the state created danger doctrine conflicts with *DeShaney* and expands the concept of substantive due process beyond the limitations articulated in *Dobbs* and *Munoz*.

In *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989), the Supreme Court refused to recognize a substantive due process right to protection from private harm. The Court held that nothing in the language or history of the Due Process Clause "requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."

*Id.* at 196. That is because the purpose of the Due Process Clause is to protect the people from the state, not to ensure that the state protects them from each other. "The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security," *Id.* at 195, because "[t]he Framers were content to leave the extent of governmental obligation in the latter area to the democratic political processes," *Id.* at 196.

However, the *DeShaney* Court held that this general principle is not absolute. A duty to protect may arise when the state restrains an individual's liberty and renders him unable to protect himself. *Id.* at 200, "The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.* "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the "deprivation of liberty" triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means. *Id.* at 199-200.

Thus, "*DeShaney* directs that a state's affirmative constitutional duty to protect an individual from private violence arises when there is some deprivation of liberty by state actors." *Rivera v. Rhode Island,* 402 F.3d 27, 38 (1st Cir. 2005); *see also Johnson v. Dallas Ind. Sch. Dist.,* 38 F.3d 198, 201 (5th Cir.1994). In other words, if the state prevents someone from protecting themselves, either by taking them into custody or otherwise cutting off their access to private help, the state must afford replacement protection. *See Weiland v. Loomis*, 938 F.3d 917, 921 (7th Cir. 2019) ("Several decisions in this circuit find liability outside of prisons when the state has disabled or undermined self-help or sources of private assistance."). "So when the state imprisons a person and prevents his ambling down to the family physician, the state must provide some medical care. When the state arrests the adult having custody of a child, the state had better take care of the child." *Walker v. Rowe,* 791 F.2d 507, 511 (7th Cir. 1986).

But this does not mean that simply making someone more vulnerable to harm triggers a duty to protect. Without some restraint on liberty, there is no violation of the right to liberty under the Due Process Clause. *See Rivera,* 402 F.3d at 38 (an increased risk is not a violation of a liberty interest). That is because a "deprivation of liberty" is a bedrock requirement of state liability under the substantive due process clause." *Ye v. United States*, 484 F.3d 634, 641 (3d Cir. 2007).

The state-created danger doctrine is consistent with *DeShaney* - and grounded in the text and history of the Due Process Clause - as long as it includes a requirement that the state restrained the plaintiff's liberty to protect herself or access private help. *See Murguia v. Langdon*, 73 F.4th 1103, 1104 (9th Cir. 2023) (Bumatay, J., dissenting ("If those acts place a plaintiff in harm's way, then we may rightfully have a constitutional violation. But without a restraint of liberty, we remain in the realm of ordinary torts.")).

This Court's version of the state-created danger doctrine, as set forth in *Mears,* does just that. *Mears* applied the traditional four elements of the doctrine, including the requirement of an affirmative act of the state that increased the risk of harm to the plaintiff. It then clarified that "an affirmative act must amount to a restraint of personal liberty that is similar to incarceration or institutionalization." *Mears*, 24 F.4th at 884 (internal quotations omitted). This limitation echoes *Ye*, which held that state-created danger liability does not lie absent a restriction on the plaintiff's freedom to act on his own behalf. *Ye*, 484 F.3d at 641 ("the substantive component of the Due Process Clause must be predicated on an affirmative act that works a deprivation of liberty.").

Here, the Complaint alleges a restraint of personal liberty. The police separated a severely intoxicated McCoy from her companion and impounded her car, cutting her off from private sources of protection. Therefore, the Complaint alleges a deprivation of liberty sufficient to establish liability under this Court's state-created danger doctrine. *See Kneipp v. Tedder*, 95 F.3d 1199, 1209 (3d Cir. 1996) (the police separated the plaintiff from her protector); *Wood v. Ostrander,* 879 F.2d 583 (9th Cir.1989), ( a police officer cut off private source of protection by arresting a drunk driver and impounding his car, leaving the female passenger alone at night in a neighborhood known for criminal activity), *cert. denied,* 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 305 (1990).

Cordially,

Vincent Colianni II
Attorney for Appellant